# IN THE COURT OF APPEALS OF IOWA

No. 13-1401
Filed March 25, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DENNIS LEE SCHRAGE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, James C. Bauch, Judge.


        Defendant appeals his sentences on two counts of providing a controlled substance to a minor and four counts of third-degree sexual abuse. **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Dennis D. Hendrickson, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Linda Fangman, Assistant County Attorney, for appellee.


        Considered by Doyle, P.J., McDonald, J., and Eisenhauer, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, S.J.**

Defendant Dennis Schrage appeals his sentences on two counts of providing a controlled substance to a minor and four counts of third-degree sexual abuse. The court sentenced Schrage in accordance with the parties' plea agreement. We conclude the court did not abuse its discretion and affirm the sentences.

## I. Background Facts & Proceedings.

Schrage was charged in a trial information with six crimes. Counts I and II charged Schrage with distribution of a controlled substance (marijuana) to a person under the age of eighteen, in violation of Iowa Code section 124.406(1)(a) (2013), a class "B" felony. Counts III, IV, V, and VI charged him with sexual abuse in the third degree, in violation of section 709.4(2)(c)(4), a class "C" felony. On the four counts of third-degree sexual abuse, the State asserted Schrage should be subject to enhanced sentencing under section 901A.2(3) because he had been previously convicted of a sexual predatory offense.

Pursuant to a plea agreement, Schrage entered *Alford* pleas to all six counts.[1] The parties agreed the sentences on Counts I and III would run consecutively to each other and all the other sentences would run concurrently to each other and to the sentences on Counts I and III, giving Schrage a total sentence of fifty years. The district court accepted Schrage's *Alford* pleas and sentenced him according to the parties' plea agreement. Schrage now appeals his sentences.

---

[1] In an *Alford* plea, a defendant pleads guilty to an offense, but does not admit to the underlying facts of the crime. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

## II. Standard of Review.

Where a defendant's sentence is within the statutory limits, it will not be vacated on appeal unless there has been an abuse of discretion or a defect in the sentencing procedures, such as the court's consideration of impermissible factors. *State v. Washington*, 832 N.W.2d 650, 660 (Iowa 2013). There is an abuse of discretion when the grounds for the court's decision are clearly untenable or unreasonable. *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010).

## III. Abuse of Discretion.

On appeal, Schrage claims the court abused its discretion by imposing consecutive sentences for two violations of section 124.406(1)(a). The State points out the court imposed consecutive sentences for Count I, distribution of a controlled substance (marijuana) to a person under the age of eighteen, and Count III, third-degree sexual abuse. In his reply brief, Schrage acknowledges he did not receive consecutive sentences for two violations of section 124.406(1)(a). He received concurrent sentences for Counts I and II, both for distribution of a controlled substance (marijuana) to a person under the age of eighteen.

Schrage has raised no other claims on appeal. The court sentenced Schrage in accordance with the parties' plea agreement. We conclude the court did not abuse its discretion in sentencing Schrage. We affirm Schrage's sentences.

**AFFIRMED.**